IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MELISA THOMPSON,**
**Claimant Below, Petitioner**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-437**          (JCN: 2021003711)

**GENESIS HEALTHCARE GROUP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Melisa Thompson appeals the September 5, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Genesis Healthcare Group ("Genesis") filed a response.[1] Ms. Thompson did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted Ms. Thompson a 0% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Thompson was employed by Genesis as a Social Service Specialist. Ms. Thompson filed an Employees' and Physicians' Initial Report of Injury dated August 6, 2020, indicating that she was exposed to and contracted COVID-19 on or around August 1, 2020, due to her employment. Ms. Thompson was hospitalized at Charleston Area Medical Center for ten days; she was diagnosed with COVID-19, fever, cough, and bilateral pneumonia. The claim administrator issued an order dated August 18, 2020, holding the claim compensable for "other coronavirus not elsewhere classified."

On September 4, 2020, Ms. Thompson was seen by Rhonda Guy, D.O. Dr. Guy noted that Ms. Thompson had been suffering from weakness, shortness of breath with exertion, body aches, fatigue, anxiety, depression, irritability, and vivid nightmares since her COVID-19 diagnosis. Dr. Guy diagnosed Ms. Thompson with post-traumatic stress disorder ("PTSD"), mixed anxiety, depressive disorder, cough, novel coronavirus,

---

[1] Ms. Thompson is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Genesis is represented by Evan J. Jenkins, Esq.

abnormal vision, fatigue, spasm, and diarrhea. Ms. Thompson received referrals to a psychiatrist, a pulmonologist, an ophthalmologist, and an infectious disease physician.

The claim administrator issued orders dated October 1, 2020, and October 7, 2020, authorizing psychiatric, ophthalmology, pulmonology, and gastroenterology consults. On June 25, 2021, Ms. Thompson underwent a left heart catheterization that had been authorized by the claim administrator.

On March 12, 2021, Ms. Thompson was seen by Jhapat Thapa, M.D., a cardiologist. Dr. Thapa performed an echocardiogram, revealing normal left ventricular systolic function with an estimated ejection fraction of 55%-60%; suboptimal study for valvular assessment, but there appeared to be no significant stenosis/regurgitation; and no significant pericardial effusion present. Ms. Thompson underwent a stress test on the same day, which revealed abnormal myocardial perfusion imaging with a moderate size, mixed anterior/lateral perfusion defect.  On June 25, 2021, Ms. Thompson underwent a cardiac catheterization performed by Dr. Thapa. In his report, Dr. Thapa noted that Ms. Thompson had a history of morbid obesity, anxiety, and hypertension. Dr. Thapa assessed chronic ischemic heart disease, abnormal myocardial perfusion imaging, hypertension, anxiety, and post COVID-19 infection.

Ms. Thompson was seen by Christina Brash, NP, on November 9, 2021. Ms. Thompson reported increased anxiety and claimed that she had none of the palpitations, chest pains, or shortness of breath prior to her COVID-19 diagnosis. Further, Ms. Thompson indicated that she continued to have problems with her memory, fatigue, and daily headaches. Ms. Thompson stated that she was receiving treatment for PTSD, anxiety, and depression. On December 20, 2021, the claim administrator issued an order authorizing twelve visits for pulmonary rehabilitation.

George L. Zaldivar, M.D., a pulmonologist, reviewed Ms. Thompson's medical records and drafted a report dated February 11, 2022. Dr. Zaldivar opined that Ms. Thompson was at maximum medical improvement ("MMI") for her compensable diagnosis. Dr. Zaldivar noted that a breathing study from September 30, 2021, showed a reduced forced vital capacity and total lung capacity that had since improved. When compared to the restrictive abnormality seen on a February 9, 2022, study, Dr. Zaldivar opined that Ms. Thompson's pulmonary impairment was entirely the result of obesity and not related to her COVID-19 diagnosis. Dr. Zaldivar opined that Ms. Thompson's untreated obstructive sleep apnea was either causing or contributing to her nightmares and difficulty sleeping, insomnia, and daytime drowsiness. Dr. Zaldivar noted that Ms. Thompson's untreated sleep apnea could cause nocturnal hypoxemia, and that episodes of pulmonary hypertension occurring with the hypoxemia at night could result in daytime pulmonary hypertension with damage to the right side of the heart. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Zaldivar placed Ms. Thompson in Class 2 of Table 8, Classes of

Respiratory Impairment, which allows for a 10% whole person impairment ("WPI"). However, Dr. Zaldivar opined that all of the impairment could be attributed to Ms. Thompson's obesity, rather than COVID-19. On February 24, 2022, the claim administrator issued an order awarding Ms. Thompson 0% PPD based on Dr. Zaldivar's report. Ms. Thompson protested this order.

On February 18, 2022, Ms. Thompson was seen by Autumn Feazell, NP. Ms. Feazell noted Ms. Thompson's history of irritable bowel syndrome with diarrhea and gastroesophageal reflux disease.

Bruce Guberman, M.D., evaluated Ms. Thompson on May 4, 2022. Dr. Guberman opined that Ms. Thompson had reached MMI for her compensable condition. Using the *Guides*, Dr. Guberman found 10% WPI for pulmonary impairment. Dr. Guberman apportioned 5% of the impairment to preexisting obesity. Dr. Guberman then found 7% WPI for difficulties with memory, concentration, and brain fog; and 10% WPI for gastrointestinal symptoms. Using the Combined Values Chart, Dr. Guberman found 20% WPI related to the compensable injury. Dr. Guberman deferred an impairment determination for Ms. Thompson's PTSD and anxiety diagnoses to a qualified psychiatrist.

On May 20, 2022, Robert Walker, M.D., an occupational medicine specialist, evaluated Ms. Thompson as detailed in a report dated August 7, 2022. Dr. Walker opined that Ms. Thompson was severely limited by her shortness of breath and dyspnea, chronic diarrhea with occasional fecal incontinence, and impaired mental status. Using the *Guides*, Dr. Walker found that Ms. Thompson had 10% WPI for her respiratory condition after placing her in Class 2 of Table 8. Dr. Walker apportioned 3% of this impairment to preexisting factors. Further, Dr. Walker found 7% WPI related to mental status and 12% impairment for gastrointestinal symptoms. Using the Combined Values Chart, Dr. Walker found 24% WPI for the compensable injury. Regarding Ms. Thompson's PTSD diagnosis, Dr. Walker deferred the impairment determination to a qualified psychiatrist.

Dr. Walker drafted a supplemental report dated September 23, 2022. Dr. Walker noted that Ms. Thompson has reported severe diarrhea, occurring 6-12 times a day, and experiences fecal incontinence. Additionally, Dr. Walker noted that Ms. Thompson has reported that she continues to experience shortness of breath with mild exertion, rapid heartbeat three to four times a week, constant fatigue, difficulty concentrating, difficulties with short-term memory, and that she can no longer help her son with his schoolwork. Dr. Walker further noted many ways in which Ms. Thompson's symptoms affect her ability to complete daily tasks and generally her ability to live a normal life. Dr. Walker opined that a February 9, 2022, pulmonary function study revealed restrictive lung disease which is commonly seen after COVID-19 pneumonia.

On February 23, 2023, Ms. Thompson was evaluated by Joseph Grady, II, M.D. Dr. Grady opined that Ms. Thompson had reached MMI for her compensable diagnosis. Dr.

Grady opined that there was not enough information from Ms. Thompson's medical records to indicate any neuropsychiatric impairment, and he recommended further testing. Dr. Grady noted that Ms. Thompson was diagnosed with irritable bowel syndrome with diarrhea, but not post-COVID-19 diarrhea. According to Dr. Grady, Ms. Thompson also reported issues with nausea, vomiting, and acid reflux, none of which are listed by the Centers for Disease Control as post-COVID-19 symptoms. Further, Dr. Grady opined that there was no documentation that would allow him to say with a reasonable degree of medical certainty that Ms. Thompson had any ratable impairment related to her compensable diagnosis.

Ms. Thompson was evaluated by James D. Petrick, Ph.D., on May 5, 2023. Dr. Petrick performed a comprehensive neurophysiological examination, which indicated minimal cognitive impairment. Dr. Petrick opined that Ms. Thompson reached MMI for her compensable diagnosis. Dr. Petrick further opined that Ms. Thompson's symptoms could easily be explained by depression and PTSD, and there was no measurable neuro-cognitive impairment.

On September 7, 2023, the Board affirmed the claim administrator's order, which granted Ms. Thompson 0% PPD.[2] The Board found that Ms. Thompson failed to establish that she suffered permanent impairment related to her compensable diagnosis. Ms. Thompson now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

---

[2] On November 8, 2022, the claim administrator issued an order granting Ms. Thompson a 10% PPD award for major depressive disorder and post-traumatic stress disorder related to COVID-19, based on a September 27, 2022, report by Ahmed Faheem, M.D. This report and order are not at issue in the instant case.

4

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Thompson argues that there is medical evidence establishing that she has significant residual impairments due to her compensable injury. Further, Ms. Thompson argues that the Board did not adequately discuss each physician's decision to apportion in its order. Ms. Thompson also argues that the Board should not have found the opinion of Dr. Zaldivar more persuasive solely because he is a pulmonologist. Finally, Ms. Thompson argues that the Board ignored medical evidence that establishes that her symptoms did not preexist her compensable diagnosis and her testimony regarding her impairments.[3] We disagree.

Here, the Board found that the reports of Drs. Grady, Petrick, and Zaldivar, all finding that Ms. Thompson had no impairment related to the compensable diagnosis, were the most persuasive. The Board specifically noted that, of the evaluators of record, Dr. Zaldivar is the only Board-Certified pulmonologist, and thus, found his opinion on pulmonary impairment to be the most persuasive. Further, the Board found that the opinions of Drs. Zaldivar and Grady, that Ms. Thompson's gastrointestinal medical records do not indicate any connection between her symptoms and her compensable diagnosis, to be persuasive and supported by the evidence.[4] Additionally, the Board found that the reports of Drs. Guberman and Walker were not supported by the medical evidence.

Upon review, we cannot conclude that the Board was clearly wrong in finding that Ms. Thomson failed to establish that she has permanent impairment related to her compensable diagnosis of COVID-19, other than the 10% PPD award she has already received for PTSD. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude

---

[3] Ms. Thompson also argues that because her symptoms did not preexist her compensable injury, she is entitled to the presumption set forth by the Supreme Court of Appeals of West Virginia in *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E. 2d 779 (2022). Compensability is not at issue in the instant case, and we decline to extend the application of *Moore* to questions of PPD and apportionment.

[4] The gastrointestinal medical records referenced by Drs. Grady and Zaldivar were not submitted into the record of this Court by either party.

that the Board was clearly wrong in affirming the claim administrator's order granting Ms. Thompson 0% PPD.

We find no merit in Ms. Thompson's argument that the Board's order was deficient in its discussion of the physician's reports. While the Board could have more thoroughly discussed each physician's report and the reasoning each physician gave for the amount of apportionment, we find that the Board adequately explained its reasoning for finding the reports of Drs. Zaldivar, Petrick, and Grady to be the most persuasive based on the medical evidence.

Additionally, we find no merit in Ms. Thompson's argument that the Board should not have found Dr. Zaldivar's opinion on pulmonary impairment more persuasive solely because he is a pulmonologist. Under the circumstances of the instant case, we find that it was reasonable for the Board to find Dr. Zaldivar's report the most persuasive based on his certification as a pulmonologist and the weight of the medical evidence.

Accordingly, we affirm the Board's September 5, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

6